# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BEVERLY SIMMONS,                )<br>                                                   )<br>                         Plaintiff,      )<br>                                                   )     CIVIL ACTION<br>v.                                                )<br>                                                   )     No. 15-1047-JWL<br>CAROLYN W. COLVIN,         )<br>Acting Commissioner of Social Security, )<br>                                                   )<br>                         Defendant.   )<br>_____ ) | |

# MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding the Commissioner's determination that Plaintiff does not have a severe impairment or combination of impairments is not supported by the record evidence, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.      Background**

Plaintiff applied for DIB and SSI benefits, alleging disability beginning November 30, 2007. (R. 21, 184, 191). She exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits, arguing that the Administrative Law Judge's (ALJ) step two determination is not supported by the record evidence.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not

simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. § 404.1520(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

**II.     Discussion**

Here, the ALJ determined at step two of her evaluation that Plaintiff "does not have a severe impairment or combination of impairments" (R. 27), found Plaintiff not disabled as a result of her step two finding, and did not apply any of the remaining steps of the sequential evaluation process.  The court finds that remand is necessary because the record evidence does not support the ALJ's step two finding.

### A.     Standard for Evaluating Step Two

As noted above, the question at step two of the sequential evaluation process is whether the claimant has a severe impairment or combination of impairments.  An impairment is not considered severe if it does not significantly limit plaintiff's ability to do basic work activities such as walking, standing, sitting, lifting, reaching, carrying, and handling: understanding, carrying out, and remembering simple instructions; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1521, 416.921.  The Tenth Circuit has interpreted the regulations and determined that to establish a "severe" impairment or combination of impairments at step two of the sequential evaluation process, Plaintiff

must make only a "de minimis" showing.  Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).  Plaintiff need only show that an impairment would have more than a minimal effect on her ability to do basic work activities.  Williams, 844 F.2d at 751.  However, she must show more than the mere presence of a condition or ailment.  Hinkle, 132 F.3d at 1352 (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987)).  If an impairment's medical severity is so slight that it could not interfere with or have a serious impact on plaintiff's ability to do basic work activities, it could not prevent plaintiff from engaging in substantial work activity and will not be considered severe.  Hinkle, 132 F.3d at 1352.

The determination at step two is based on medical factors alone, and not vocational factors such as age, education, or work experience.  Williamson v. Barnhart, 350 F.3d 1097, 1100 (10th Cir. 2003).  It is claimant's burden at step two to provide medical evidence that she had an impairment and how severe it was during the time she alleges she was disabled.  20 C.F.R. §§ 404.1512(c), 416.912(c).

**B.     Arguments**

Plaintiff argues that there is medical opinion evidence from Dr. Do, Dr. Hufford, Dr. McCarty, Dr. Murati, Dr. Allen, Dr. Kaur, Dr. Parsons, Dr. McRoberts, and Dr. Reed, indicating that her medically determinable impairments are severe within the meaning of the Act, and that there is no evidence that any acceptable medical source has opined that she has no severe impairments.  (Pl. Br. 8-9).[1]  She argues that the ALJ erroneously failed

---

[1]Plaintiff failed to number the pages in her Social Security Brief or in her Reply Brief.  Therefore, the court has used the page numbers assigned by the software it uses to

to weigh all of the medical opinions other than the "State agency opinions," and that this error requires remand. Id. at 10. She argues that the "issue at step two is simply whether [Ms.] Simmons has made the de minimus showing that she had a medically determinable impairment that more than minimally affected her ability to perform basic work activities," and that the medical opinions the ALJ did not weigh fulfill her step two burden in that regard. Id. at 11. Finally, Plaintiff points out that the ALJ purported to accord "significant weight" to Dr. Allen's opinions, but did not recognize Dr. Allen's opinion that Plaintiff may have problems "with being able to respond appropriately to supervision and coworkers." Id. at 12 (quoting R 375).

The Commissioner argues that Plaintiff has the burden to "show that her impairment was disabling prior to the date on which her insured status expired" (Comm'r Br. 3) (citing Adams v. Chater, 93 F.3d 712, 714 (10th Cir. 1996)), and that "her impairments caused functional limitations so severe that she was unable to engage in any substantial gainful activity for a continuous period of at least 12 months." Id. at 4 (citing Barnhart v. Walton, 535 U.S. 212, 220 (2002)). The Commissioner argues that the "ALJ reasonably found that Plaintiff's physical impairments did not significantly affect her ability to perform basic work activities" (Comm'r Br. 6), and that with respect to Plaintiff's mental impairments, Dr. Allen "opined that Plaintiff was able to understand, carry out, and remember instructions; work at a reasonable pace; and handle 'expectable'

---

read the ".pdf" file downloaded from the court's CM/ECF electronic case files.

pressures in a work setting." (Comm'r Br. 6-7) (citing R. 373-75). She argues that although Plaintiff makes much of Dr. Allen's opinion that Plaintiff's social awkwardness "'may get in the way of some interactions on the job,' this observation is far removed from a definitive statement as to any specific mental limitations." Id. at 7 (quoting Pl. Br. at 12). She points out that the ALJ accorded "no weight" to the opinions of the state agency physicians (and by implication, psychologists) because they are not supported by the record evidence. Id. at 8. She argues that some record evidence may support a conclusion contrary to that of the ALJ, but the ALJ is charged with resolving conflicts in the evidence, and she reasonably concluded that Plaintiff has not "been subject to physical or mental impairments that have significantly limited her ability to perform basic work activities for a period of at least twelve months." Id. at 9. The Commissioner argues that courts usually take a lower tribunal at its word when it states that it has considered an issue, that the ALJ here explained that she had considered all of the medical evidence, and that the court should take her at her word despite Plaintiff's arguments. Id. at 10. In her final argument, the Commissioner asserts:

> Plaintiff has not demonstrated that she was disabled from her alleged disability onset date of November 30, 2007 through the date of the ALJ's decision (Tr. 27; Finding No. 5), any subsequent remand for further administrative proceedings would arrive at the same result: not disabled. Because Plaintiff has failed to satisfy these burdens, and because the ALJ's administrative decision was supported by substantial evidence in the record, the ALJ's decision should be affirmed.

(Comm'r Br. 11).

    **C.**    **Analysis**

This case was decided at step two of the sequential evaluation process. Therefore, vocational factors are not an issue, plaintiff's RFC is not an issue, and ability to engage in substantial gainful activity is not an issue. The issue at step two is whether Plaintiff has a medically determinable physical or mental impairment or combination of impairments that is severe and that has lasted or is expected to last twelve months. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); see also §§ 404.1509, 416.909 (duration requirement). The burden of showing a severe impairment is de minimus; Hinkle, 132 F.3d at 1352; and Plaintiff must show only that an impairment would have more than a minimal effect on her ability to do basic work activities. Williams, 844 F.2d at 751.

To be sure, the ALJ concluded that Plaintiff "has not been under a disability . . . from November 30, 2007 through the date of this decision." (R. 27) (bolding omitted). However, that conclusion was based upon application of the sequential evaluation process and upon her immediate prior determination at step two that:

> the claimant's physical and mental impairments, considered singly and in combination, do not significantly limit the claimant's ability to perform basic work activities. Thus, the claimant does not have a severe impairment or combination of impairments.

(R. 27). The court need determine only if this finding is supported by the evidence.

Because the court finds that Dr. Allen's opinion suggests that Plaintiff's mental impairments have more than a minimal effect on her ability to do the basic work activity of "[r]esponding appropriately to supervision [and] co-workers," 20. C.F.R. §§ 404.1521(b)(5), 416.921(b)(5), and because the ALJ purported to accord "significant

weight" to Dr. Allen's opinion but did not address the ambiguity presented by her opinion that Plaintiff's social awkwardness "may get in the way . . . particularly with being able to respond appropriately to supervision and coworkers" (R. 375), the court finds that the ALJ's step two finding is not supported by the record evidence.  The ALJ did not discuss whether the evidence shows that Plaintiff has more than a minimal limitation on her ability to do the basic work activity of responding appropriately to supervision or to co-workers.  Therefore, remand is necessary for the Commissioner to consider properly whether Plaintiff's medically determinable physical and mental impairments are severe.

The court notes that in reaching its decision it assumed without deciding that the ALJ properly discounted the opinions of the state agency physicians and psychologists, because the ALJ at least stated a reason for rejecting those opinions.  (R. 26).  It also assumed without deciding that the remaining physician's opinions would not suggest an inability to do <u>basic</u> work activities because each of those physicians <u>returned Plaintiff to work</u> even though they proposed limitations in her ability to work.  (R. 336, 432, 435).  Nevertheless, Plaintiff has made arguments with regard to those issues which probably should be addressed by the Commissioner on remand.

The Commissioner's argument (that Dr. Allen's opinion regarding responding to supervision and co-workers is far removed from a definitive statement of specific mental limitations) ignores the form of Dr. Allen's opinion, and the manner in which the ALJ relied upon that opinion.  Dr. Allen examined Plaintiff twice, and prepared a report of each examination in which she provided the opinions upon which the ALJ relied.  (R.

337-39, 373-75).  In each report, Dr. Allen ended her report with a summary, and a statement entitled "Ability to Sustain Work-Related Skills."  (R. 339, 375) (bolding and all caps omitted).  These sections are reproduced in their entirety below:

> Ms. Simmons is able to understand and carry out simple instructions.  She tends to be rather socially awkward, and this may get in the way of some interactions on the job, particularly with supervisors.  She is adaptable to the demands [of the] workplace in terms of productivity and attendance.  She is fairly persistent with her current responsibilities, and is able to manage financial resources.

(R. 339).

> Ms. Simmons is able to understand, carry out, and remember instructions; work at a reasonable pace, handle expectable pressures in a work setting, and manage finances.  She tends to be rather socially awkward, and this may get in the way of some interactions on the job, particularly with being able to respond appropriately to supervision and coworkers.

(R. 375).

The ALJ discussed each of Dr. Allen's reports in her decision, and evaluated Dr. Allen's opinions as follows:

> Molly Allen, Psy.D., found that the claimant was able to understand and carry out simple instructions and adapt to the demands of workplace in terms of productivity and attendance.  At her July 2012 mental status examination, Dr. Allen found that the claimant was able to understand, carry out, and remember instructions; work at a reasonable pace; handle expectable pressures in a work setting; and manage finances (Ex. 4F and 10F).  I accord significant weight to the opinion of Dr. Allen, as she had the opportunity to examine the claimant and offered her opinion based upon the examination signs and findings.

(R. 26).  Comparing Dr. Allen's opinions regarding work abilities with the ALJ's summary of Dr. Allen's opinions (what Dr. Allen "found"), what is notably missing is

any finding regarding Plaintiff's interactions with supervisors, supervision, or co-workers. While the ALJ did note Dr. Allen's report that Plaintiff "came across as rather socially awkward, and appeared to get defensive a few times during the course of the interview" (R. 26), that is a quote without attribution of Dr. Allen's report of Plaintiff's "Mental Status Exam" (R. 338) ("She came across as rather socially awkward, and appeared to get defensive a few times during the course of the interview."), is not included within the ALJ's summary of Dr. Allen's opinions (findings), and says nothing about Dr. Allen's concern that this social awkwardness will get in the way of job interactions with supervisors, supervision, or co-workers.

Thus, it is not clear that the ALJ recognized that this was one of Dr. Allen's opinions regarding Plaintiff's ability to perform basic work activities. Dr. Allen's opinion is record evidence contrary to the ALJ's finding that Plaintiff's mental impairments are not severe and the ALJ gave Dr. Allen's opinion "significant weight," but she did not reconcile the opinion with her finding. This is error even if Dr. Allen's opinion is "far removed from a definitive statement."

Finally, the court may not accept the Commissioner's final argument, that "any subsequent remand for further administrative proceedings would arrive at the same result: not disabled." (Comm'r Br. 11). The only way the court might reach the conclusion the Commissioner suggests is by performing the step three evaluation, the RFC assessment, and the step four and five evaluations for itself--tasks which the ALJ did not even remotely perform. Despite the Commissioner's invitation, the court may not decide

disability in the first instance. The court's jurisdiction begins and ends with judicial review of the decision below. That decision is not supported by the record evidence, and remand is necessary for the Commissioner to correct that error.

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING this case for further proceedings consistent herewith.

Dated this 15th day of December 2015, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**